**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| SATCHEL BUTTERFIELD, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>vs.<br><br>AMENIFY CORPORATION,<br><br>    *Defendant*. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

1. Plaintiff Satchel Butterfield, brings this action against Defendant, Amenify Corporation, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

3. Defendant is a real estate technology company that offers professional cleaning, chores, housekeeping, dog walking, food delivery, lifestyle services for multifamily residents. To promote its services, Defendant engages in aggressive unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's principal address is located in this district, Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

# PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Washington DC.

8. Defendant is a Delaware corporation whose principal office is located at 735 Montgomery Street, Suite 350, San Francisco, CA 94111. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of California.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

# FACTUAL ALLEGATIONS

10. Beginning on or about September 9, 2022, Defendant began sending telemarketing text messages to Plaintiff's cellular telephone number ending in 6082 (the "6082 Number"):



3
**CLASS ACTION COMPLAINT**

11. On September 9, 2022, Plaintiff responded to Defendant with the word "STOP" in an attempt to opt-out of any further text message communications with Defendant.

12. Immediately after Plaintiff sent his stop request, Defendant, within seconds, responded with an automated opt-out confirmation text confirming that Plaintiff had opted out of future communications: "You are unsubscribed from Amenify. No more messages will be sent."

13. Despite Plaintiff's use of standard opt-out language and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff more telemarketing text message on or about September 23, 2022 and September 29, 2022.



4
**CLASS ACTION COMPLAINT**

14. Defendant's use of automated, instantaneous opt-out confirmations show that Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

15. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

16. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff Defendant's cleaning services.

17. The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

18. Defendant sent or caused to be sent the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

19. Defendant's texts were not made for an emergency purpose nor to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

20. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded "Stop" on September 9, 2022.

21. The facts alleged suggest that Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

22. The facts alleged suggest that Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 U.S.C. 64.1200(d)(2).

23. Plaintiff is the subscriber and sole user of the 6082 Number and is financially responsible for phone service to the 6082 Number.

24. The text messages originated from telephone number 59253, a number which upon information and belief is owned and operated by or on behalf of Defendant.

25. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

26. Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

27. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls.

28. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

29. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

30. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

31. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

32. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States after they have revoked consent to be contacted. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

34. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

  a) Whether Defendant violated 47 C.F.R. § 1200(d).

  b) Whether Defendant adhered to requests by Class members to stop sending text messages to their telephone numbers;

  c) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

  d) Whether Defendant has any written policies for maintaining an internal do not call list;

  e) Whether Defendant cross-references opt-out requests between their multiple telephone numbers.

  f) Whether Defendant's conduct was knowing and willful;

g) Whether Defendant is liable for damages, and the amount of such damages; and

h) Whether Defendant should be enjoined from such conduct in the future.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

36. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(c)(2)**
**(On Behalf of Plaintiff and the Class)**

40. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

41. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

42. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> "(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such

9
**CLASS ACTION COMPLAINT**

calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

47 C.F.R. § 64.1200(d)(3), (6)

43. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wires telephone numbers.

"(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.""

47 C.F.R. § 64.1200(e)

44. Plaintiff and Class members made requests to Defendant not to receive calls from Defendant.

45. Defendant failed to honor Plaintiff and Class members' requests.

46. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

47. Because Plaintiff and members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

48. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

49. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff and Class members also suffered damages in the form of invasion of privacy.

51. Plaintiff and class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a) An Order declaring that Defendant's actions, set out above, violate the TCPA.

    b) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    c) An award of actual and statutory damages for Plaintiff and each member of the Class;

    d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

    e) An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

    f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: October 28, 2022               Respectfully submitted,


                                By: /s/ Scott Edelsberg

                                    **EDELSBERG LAW, P.A.**
                                    Scott Edelsberg, Esq. (CA Bar No. 330990)
                                    1925 Century Park E #1700
                                    Los Angeles, CA 90067
                                    Telephone: 305-975-3320
                                    scott@edelsberglaw.com

                                    *Counsel for Plaintiff and the Proposed Class*